UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MAHMOUD SAMI ALI,

                             Plaintiff,

          -against-

CITY OF NEW YORK, NEW YORK CITY
HUMAN RESOURCES ADMINISTRATION, and
RICHARD BECK Director Of Bureau Of
Reconciliation and Control New York City Human
Resources Administration Finance Office,

                            Defendants.

------------------------------------------------------------------------x

**ANSWER**

07 CV 6153 (WHP)

       Defendants by their attorney, **MICHAEL A. CARDOZO**, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege as follows:

       1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that in 2005 plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 160-2005-02395 and that plaintiff filed a complaint with the EEOC, charge No. 520-2007-01161 and respectfully refer the Court to these complaints for the full and accurate text and content thereof.

       2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

       3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff is employed by the New York City Human Resources Administration since March 1979 and is presently employed as a staff analyst II.

4. Deny the allegations set forth in paragraph "4" of the Complaint, and respectfully refer the court to 42 U.S.C. §2000e, et. seq. for the full and accurate text and content thereof.

5. Admit the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant HRA is an agency of the City of New York, and respectfully refer the Court to Executive Order 28 of 1966, Executive Order 84 of 1968, Executive Order 87 of 1977, Executive Order 1 of 1978, Executive Order 82 of 1985, Executive Order 103 of 1986, and Executive Order 26 of 1996; the New York City Charter Chapter 24, Section 603 and Chapter 49, Section 102; and the New York State Social Services Law 56 for the full and accurate statement of the duties and responsibilities of HRA.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Beck is employed by the City as the Director of HRA's Bureau of Reconciliation and Control, a division of HRA's Finance Office and that he is a white male of United States national origin.

8. Deny the allegations set forth in paragraph "8" of the Complaint, and respectfully refer the court to 42 U.S.C. §2000e, et. seq. for the full and accurate text and content thereof, except admit that Mr. Beck is a supervisor and is an employee of the City of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, and further deny knowledge or information sufficient to form a belief as to when plaintiff received

the EEOC Right to Sue Letter, except admit that the EEOC issued plaintiff a Right to Sue letter dated March 29, 2007.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff filed a complaint with the EEOC, charge No. 520-2007-01161 and respectfully refer the Court to that complaint for the full and accurate text and content thereof.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

26. The Complaint fails to state any claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

27. Any claims in the Complaint under Title VII that accrued more than 300 days prior to the filing by plaintiff of his charge of discrimination with the EEOC are time barred.

### AS AND FOR A THIRD DEFENSE

28. This Court lacks subject matter jurisdiction over any Title VII claims contained in the Complaint which were not also contained in the charge of discrimination filed by plaintiff with the EEOC.

### AS AND FOR A FOURTH DEFENSE

29. Defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States, the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

### AS AND FOR A FIFTH DEFENSE

30. All of defendants' employment decisions and actions concerning the plaintiff were based on legitimate, non discriminatory business considerations.

### AS AND FOR A SIXTH DEFENSE

31. The individual defendant is not subject to suit under Title VII and thus this claim must be dismissed as against defendant Richard Beck.

### AS AND FOR A SEVENTH DEFENSE

32. The conduct of the defendants was at all times lawful, proper and carried out in conformity with the United States and New York Constitution and laws of the United States and the State of New York and all applicable rules and regulations of the City of New York.

### AS AND FOR AN EIGHTH DEFENSE

33. The injuries, if any, alleged to be sustained by plaintiff on the occasions mentioned in the Complaint, were wholly, or in part, caused by the culpable conduct of plaintiff.

### AS AND FOR A NINTH DEFENSE

34. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 8, 2007

By: _____

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-107
New York, N.Y. 10007-2601
(212) 788-0860

ISAAC KLEPFISH
ASSISTANT CORPORATION COUNSEL
(IK-3478)

07 CV 6153 (WHP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MAHMOUD SAMI ALI,<br><br>                                                             Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, and RICHARD BECK Director Of Bureau Of Reconciliation and Control New York City Human Resources Administration Finance Office,<br><br>                                                             Defendants. |
| **ANSWER** |
| **MICHAEL A. CARDOZO**<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-171<br>New York, New York  10007-2601<br><br>Of Counsel:  Isaac Klepfish<br>Tel.: (212) 788-0860 |

| |
|---|
| *Service of which is hereby acknowledged:*<br>........................................, N.Y. Dated: ........................................<br>Signed: ................................................................................<br>Print Name: .........................................................................<br>Attorney for: ........................................................................ |

- 6 -